## CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Redevelopment
and Housing Authority

v.

Richard L. Clair

June 18, 2002

Case No. (Law) L99-2031

BY JUDGE JOSEPH A. LEAFE

The instant matter comes before this Court on Respondent Richard L. Clair's motion for a determination of the reasonable expenses and costs incurred by him, to be paid by Petitioner, Norfolk Redevelopment and Housing Authority, pursuant to Virginia Code § 25-46.34 (2001).

Respondent argues that his reasonable expenses include an award of attorney's fees incurred as a result of the condemnation proceeding. This Court disagrees.

Virginia Code § 25-46.34(a) provides that:

[i]f no hearing has begun . . . the petitioner may upon motion obtain, as a matter of right, an order dismissing the proceeding as to such property, which order shall also provide . . . that the petitioner shall pay such owner or owners their *reasonable expenses* which have been *actually incurred* by them in preparing for trial on the issue of just compensation, in such amounts as the court deems just and reasonable.

(Emphasis added.)

After a hearing commences, the reasonable expenses payable by the petitioner are specifically enumerated to include incurred attorney's fees. Va. Code § 25-46.34(b) (2001). This specific mention in subsection (b) plainly

evidences the General Assembly's unambiguous intent to make attorney's fees payable to petitioner only after trial commenced.

Furthermore, even if the General Assembly's intent was ambiguous, Petitioner's motion for the inclusion of attorney's fees in his reimbursement of reasonable expenses would still fail. As of the date of the dismissal of the condemnation proceeding, Petitioner, as evidenced by the contingency fee agreement entered into between him and his counsel, had not incurred any attorney's fees.

The face of the contract entered into states that counsel was representing Petitioner for "a contingent fee of thirty-three and one-third percent (33 1/3%) of any recovery above $500,000.00." Therefore, where there was no recovery above $500,000.00, Petitioner never actually incurred any attorney's fees and, thus, there are no attorney's fees to be included in his "reasonable expenses."

Petitioner's motion to have attorney's fees included in his award of reasonable expenses is therefore denied. The Court awards Petitioner $7,434.76 in reasonable expenses incurred in preparation for the condemnation proceeding.